Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000875
26-AUG-2014
07:54 AM

NO. CAAP-14-0000875

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 98-5371-12; 98-4706-10)

ORDER GRANTING THE JUNE 16, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Receiver Pendente Lite/Appellee Ronald K. Kotoshirodo's (Receiver Kotoshirodo) June 16, 2014 motion to dismiss appellate court case number CAAP-14-0000875 for lack of appellate jurisdiction, (2) the lack of any memorandum by Defendant-Appellant Alexander Y. Marn (Appellant Alexander Marn) in response to Receiver Kotoshirodo's June 16, 2014 motion to dismiss, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Alexander Marn's appeal from the Honorable Rhonda A. Nishimura's May 7, 2014 post-judgment "Order

Granting Receiver's Motion to Authorize Marketing of 608 N. Judd Street Property and to Approve Retention of Real Estate Broker and Proposed Listing Agreement, Filed on March 11, 2014" (the May 7, 2014 post-judgment order), because the May 7, 2014 post-judgment order is not an appealable final post-judgment order pursuant to Hawaii Revised Statutes § 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003).

Several years ago, the circuit court entered an October 25, 2010 HRCP Rule 54(b)-certified judgment that imposed awards of money damages, various fees and costs against, among other parties, Appellant Alexander Marn and Defendant-Appellee Eric Y. Marn (Appellee Eric Marn). Appellant Alexander Marn and Appellee Eric Marn are the sole partners of Pumehana Associates, which, in turn, owns assets that include the 608 N. Judd Street Property. The court-appointed receiver for the judgment creditor, McCully Associates, Receiver-Appellee Thomas E. Hayes (Receiver Hayes), initiated the instant post-judgment proceeding for the purpose of satisfying the October 25, 2010 HRCP Rule 54(b)-certified judgment against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates by having filed a June 20, 2011 post-judgment motion for entry of charging orders that would authorize Receiver Hayes to use Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates to satisfy the October 25, 2010 HRCP Rule 54(b)-certified judgment. On August 18, 2011, the circuit

court granted Receiver Hayes's June 20, 2011 post-judgment motion, and entered two corresponding August 18, 2011 post-judgment charging orders against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates. On February 13, 2012, the circuit court appointed Receiver Kotoshirodo as the receiver for Pumehana Associates, but the post-judgment proceeding has not yet concluded. The subject order of Appellant Alexander Marn's appeal in appellate court case number CAAP-14-0000875, i.e., the May 7, 2014 post-judgment order (which authorizes the marketing of Pumehana Associates' 608 N. Judd Street Property and approves retention of a real estate broker and a proposed listing agreement) does not conclude or finally determine Receiver Hayes's post-judgment proceeding for executing the October 25, 2010 HRCP Rule 54(b)-certified judgment against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates.

A "post-judgment order is an appealable final order under HRS § 641-1(a) if the order end[ed] the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, a[ post-judgment] order is not final [and appealable] if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. at 157, 80 P.3d at 978 (citation and internal quotation marks omitted). For example, the Supreme Court of Hawai'i held that an order denying a post-judgment motion to quash a garnishee summons is not an appealable post-judgment order because such an order does not end

-3-

and finally determine that particular post-judgment garnishment proceeding:

> In this case, the circuit court's denial of Garnishees' motion to quash the garnishee summons is not a final order, but simply an interlocutory step in the garnishment process. It did not terminate the garnishment proceedings. Nor did it finally adjudicate the rights of any party. To the contrary, the order perpetuated the proceedings. It determined that the summons was properly issued which enabled the proceedings to continue.
> Consequently, the order left pending several issues regarding the ultimate fate of the preserved funds. Further proceedings are needed to determine whether Garnishees have a right to setoff; whether there are conflicting claims to the funds; and whether the funds may be applied to satisfy the underlying judgment. These determinations were to be made at the garnishee proof hearing which was scheduled, but never heard.
> This appeal is premature and we dismiss for lack of jurisdiction.

Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 938 (1986) (footnote omitted).

In the instant case, the May 7, 2014 post-judgment order does not finally determine and end the post-judgment proceeding for executing the October 25, 2010 HRCP Rule 54(b)-certified judgment against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates. Instead, the May 7, 2014 post-judgment motion is simply an interlocutory post-judgment order in a series of post-judgment orders directed at resolving Receiver Hayes's post-judgment proceeding for executing the October 25, 2010 HRCP Rule 54(b)-certified judgment against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates. The May 7, 2014 post-judgment order will not become eligible for appellate review until an aggrieved party asserts a timely appeal from a subsequent post-judgment order that finally determines and ends this post-

-4-

judgment proceeding for executing the October 25, 2010 HRCP Rule 54(b)-certified judgment against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates.

Absent a post-judgment order that finally determines and ends the post-judgment proceeding for executing the October 25, 2010 HRCP Rule 54(b)-certified judgment against Appellant Alexander Marn's and Appellee Eric Marn's interests in Pumehana Associates, leaving nothing further to be accomplished in that particular post-judgment proceeding, Appellant Alexander Marn's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-14-0000875. Therefore,

IT IS HEREBY ORDERED that Receiver Kotoshirodo's June 16, 2014 motion to dismiss appellate court case number CAAP-14-0000875 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-14-0000875 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, August 26, 2014.

Chief Judge

Associate Judge

Associate Judge

-5-